Filed 5/11/26  Conservatorship of M.A. CA3

<u>NOT TO BE PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Sacramento)

| | |
|---|---|
| Conservatorship of the Person and Estate of M.A. | C104732 |
| SACRAMENTO COUNTY PUBLIC GUARDIAN as Conservator, etc., <br>      Petitioner and Respondent, <br><br> v. <br><br> M.A., <br>      Objector and Appellant. | (Super. Ct. No. 34-2021-00302898-MH-CN-FRC) |

Following a contested hearing, the trial court found M.A. to be gravely disabled within the meaning of the Lanterman-Petris-Short Act (LPS Act) (Welf. & Inst. Code, § 5000 et seq.).  The court reappointed the Sacramento County Public Guardian (Public Guardian) as M.A.'s conservator for a one-year period.  Appointed counsel for M.A. filed an opening brief under *Conservatorship of Ben C.* (2007) 40 Cal.4th 529 (*Ben C.*) setting out the facts of the case.

Under *Ben C.*, upon filing an appellate brief that does not identify any arguable issues to be pursued on appeal and following the allowance of time for M.A. to file a supplemental brief, we may exercise our discretion to retain the appeal or dismiss it on our own motion.  (*Ben C., supra*, 40 Cal.4th at p. 544 & fns. 6, 7.)  Counsel informed M.A. of her right to file a supplemental brief within 30 days of the opening brief.  M.A.

1

did not file a timely supplemental brief. Consistent with *Ben C.*, we will dismiss the appeal.

## BACKGROUND

On December 21, 2021, the trial court appointed the Public Guardian to be the conservator of the person and estate of M.A. On January 26, 2022, the court terminated the conservatorship. On April 25, 2024, the Public Guardian again petitioned for appointment as M.A.'s conservator. On August 8, 2024, the trial court appointed the Public Guardian as conservator for M.A.

On June 12, 2025, the Public Guardian petitioned to be reappointed as M.A.'s conservator. M.A. opposed reappointment and requested a bench trial.

At trial, Dr. Shashvat Patel testified as an expert. Based on interviews with M.A. as her treating psychiatrist and review of her medical records, Dr. Patel testified that M.A. suffered from schizoaffective disorder, bipolar type. M.A.'s symptoms included auditory hallucinations, delusions, intermittent depressive episodes, visual hallucinations, and intermittent suicidal ideation. M.A. did not have any children, but her delusions included her belief that she did and that her children were in danger. Defendant threatened to harm herself if she did not have access to her children.

M.A. needed prompting to attend group therapy to learn coping skills and was not meeting expected goals. With prompting, M.A. received medication for psychotic and schizophrenia-related symptoms, but medication alone would not be enough to deal with her fluctuating emotions. M.A. admitted having depressive episodes but did not admit to having a psychosis condition. M.A. did not have a viable plan to obtain shelter, food, or clothing if she were discharged.

Dr. Patel opined that M.A. lacked the capacity to refuse or consent to treatment for a grave disability and routine medical treatment and was currently placed in the least restrictive and most appropriate alternative placement.

2

M.A. testified that she had a mental health diagnosis only because it was required "in the system." M.A. admitted she had "a lot of loaded episodes here because of what my children are going through," but "[m]y children need me because I'm in a life event with my children." M.A. testified she had five children aged 23, 18, 17, and 15-year-old twins, living in various places. M.A. said she gave birth to her oldest child when she was six years old.

M.A. identified medications she was taking and stated she would continue to take them if released, even if she did not believe she had a mental health diagnosis. Upon release, M.A. testified she would live with her "best friend or fiance," whom she had not talked to in three years. If that was not available, M.A. testified she could move to a facility in Elk Grove or move in with her sister's husband or her ex-girlfriend. M.A. had not spoken to the social worker at the facility in five years or her sister's husband because M.A. lost her phone when she was homeless. M.A. testified she received Social Security, which would increase when she was discharged, and she could obtain EBT and CalFresh for food. If M.A. needed more money, she could work at Taco Bell or McDonald's but "ideally, I want to be either a server engineer, coding engineer, or a foreign exchange therapist." M.A. testified her parents had her clothes, which they would drop off wherever she was living, or she would go to Goodwill for clothes.

M.A. testified she attended "groups" and had progressed several levels but had to start over because she missed one hour. She learned coping skills in groups, including breathing techniques and mantras. M.A. did not notice any delusion, mood swings, schizophrenia, or bipolar symptoms. She noticed some depression because her parents do not want her in their life anymore. M.A. testified she did not believe she had a mental illness because she had "golden information that I invented" to help people with a mental health diagnosis.

The trial court found M.A. to be gravely disabled due to a mental disorder. The court reappointed a conservator for a period of one year beginning July 16, 2025.

3

M.A. timely appealed.

## DISCUSSION

In *Ben C.*, the California Supreme Court concluded that the procedures in *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 US. 738 are not required in an appeal for a conservatorship under the LPS Act. (*Ben C., supra*, 40 Cal.4th at pp. 536-537.)

Counsel advised M.A. of her right to file a supplemental brief within 30 days of the opening brief. (*Ben C., supra*, 40 Cal.4th at p. 544, fn. 6.) M.A. did not file a timely supplemental brief. We decline to exercise our *Ben C.* discretion to conduct an independent review of the record and dismiss the appeal.

**DISPOSITION**

The appeal is dismissed.

/s/
WISEMAN, J. *

We concur:

/s/
DUARTE, Acting P. J.

/s/
RENNER, J.

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.